UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LW INVESTMENT LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>DATT EXPRESS CORPORATION, et al.,<br><br>                    Defendant. | CASE NO. 2:25-CV-1667-DWC<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING RULE 56(D) REQUEST |

Presently before the Court is Plaintiff LW Investment LLC's Motion for Summary Judgment. Dkt. 19. In the Response to the Motion for Summary Judgment, Defendants Datt Express Corporation and Juan H. Sanchez request the Court dismiss the Motion as premature or defer ruling on the Motion under Rule 56(d). Dkt. 27. After consideration of the relevant record, the Court grants Defendants' request under Rule 56(d) (Dkt. 27) and denies Plaintiff's Motion for Summary Judgment (Dkt. 19).

**I.        Background**

This case arises from an alleged breach of a lease and guaranty agreement. *See* Dkt. 1-2. On August 29, 2025, Defendants removed this action from Snohomish County Superior Court to

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT AND GRANTING RULE 56(D)
REQUEST - 1

this Court. Dkt. 1. On October 14, 2025, Plaintiff filed the Motion for Summary Judgment, Dkt. 19. Defendants filed their Response on November 4, 2025, and, on November 12, 2025, Plaintiff filed its Reply. The parties do not request oral argument and the Court finds oral argument is not necessary to resolve the matters before the Court.

## II.     Discussion

The first issue before the Court is Defendants' request under Rule 56(d) that the Motion for Summary Judgment be denied as premature so the parties can engage in necessary discovery. Dkt. 27. Plaintiff asserts Defendants have not shown, with specificity, that additional evidence exists that would defeat summary judgment. Dkt. 28.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In order to prevail under Rule 56(d), the party opposing summary judgment must make "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox,* 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)). The Ninth Circuit has held a Rule 56(d) continuance "should be granted almost as a matter of course unless

the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (internal quotation marks and citations omitted).

Here, Plaintiff filed the Motion for Summary Judgment on October 14, 2025, ten days before the parties exchanged initial disclosures and filed the Joint Status Report ("JSR"). *See* Dkts. 19, 23, 24. On October 24, 2025, the parties filed the JSR, Dkt. 24, and the Court set the trial date and entered a scheduling order on October 27, 2025. Dkt. 26. The deadline to complete discovery is April 30, 2026, and dispositive motions must be filed by May 15, 2026. *Id*. Defendants' response to the Motion for Summary Judgment was due on November 4, 2025, approximately one week after the scheduling order was entered and eleven days after initial disclosures were exchanged. *See* Local Civil Rule ("LCR") 7; Dkts. 26, 27. Thus, at the time Plaintiff filed the Motion for Summary Judgment, initial disclosures had not yet been exchanged, the discovery period had not begun, and Defendants had one week to conduct discovery to respond to the Motion for Summary Judgment.

Defendants' counsel submitted an affidavit that states the discovery they seek to obtain to respond to the allegations in the complaint and to support their affirmative defenses. Dkt. 27-8, Haddon Aff. While the affidavit does not contain detailed information, the Court notes the affidavit states that Defendants seek to obtain information from specific sources and seeks to obtain information related to the issues in the Motion for Summary Judgment. *See id*. For example, Defendants state they seek to depose the landlord, other employees and agents of Plaintiff, and a representative of Plaintiff's commercial brokerage firm and will seek information regarding Plaintiff's attempts to relet the property. *See id*. As discovery had just commenced when Defendants were required to respond to the Motion for Summary Judgment, there is no evidence Defendants have not diligently pursued discovery in this case. Further, as the case is in

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT AND GRANTING RULE 56(D)
REQUEST - 3

its infancy, the Court finds Defendants have provided sufficient specificity in the affidavit to satisfy Rule 56(d). Accordingly, Defendants have met the Rule 56(d) requirements.

The discovery period has just started and the parties should be allowed adequate time to conduct discovery and file dispositive motions. Additional discovery may alter the arguments submitted by both parties, which would likely require supplemental briefing and additional dispositive motions. Therefore, deferring the Motion for Summary Judgment is not an efficient use of judicial resources. Accordingly, the Court finds denying the Motion for Summary Judgment without prejudice is appropriate in this case.

### III. Conclusion

For the above stated reasons, the Court grants Defendants' Rule 56(d) request and denies the Motion for Summary Judgment (Dkt. 19) without prejudice. The parties may refile dispositive motions once the parties have meaningfully engaged in the discovery process.

Dated this 24th day of November, 2025.

David W. Christel
United States Magistrate Judge

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT AND GRANTING RULE 56(D)
REQUEST - 4